IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Jamie Fox,

    Plaintiff,

v.

Eric K. Shinseki, Secretary of the Department of Veterans Affairs, Agency,

    Defendant.

No. CV 11-04820 EDL

**ORDER REGARDING STIPULATION FOR IN CAMERA REVIEW**

The Court is in receipt of the parties' Stipulation Regarding In Camera Inspection of Documents Withheld By Plaintiff on Claims of Privilege as well as a folder of documents lodged with chambers on April 30, 2013. See Dkt. # 118. The parties agree that the Court should conduct an in camera inspection of this subset of documents listed on Plaintiff's privilege log, and they will then use the Court's guidance and evaluation to the remainder of the documents withheld. Id. They also state that they are willing, if requested by the Court, to provide a short letter brief to provide the Court with any necessary factual information or legal argument. Id.

The Court agrees to conduct an in camera review of the documents lodged by Plaintiff on April 30, 2013, which the Court presumes are the same as those listed in the parties' stipulation. However, further information is needed before the Court can make a determination on whether the documents should be ordered produced, and/or provide more general guidance on Plaintiff's withholding of other documents based on similar claims of privilege. By no later than May 8, 2013,

the parties shall file a letter brief of no more than six pages (four pages allocated to Plaintiff and two pages allocated to Defendant) explaining their respective positions on the issues identified below.

Specifically, Plaintiff withholds many documents on the basis of "attorney/client" and "work product" privileges. Given that Plaintiff is proceeding pro se in this action and appears to have been previously unrepresented by counsel in prior administrative proceedings, Plaintiff must explain her factual and legal basis for asserting these claims of privilege. Apparently, Plaintiff's former co-worker Ann Williams is a member of the state bar, so Plaintiff may believe that emails sent to or from Ms. Williams are privileged by the attorney-client privilege or work product protected. However, the fact that a person is a lawyer does not make all communication with that person privileged. See U.S. v Martin, 278 F.3d 988, 999 (9th Cir. 2002); United States v. Bauer, 132 F.3d 504, 507 (9th Cir.1997) (party asserting attorney-client privilege must establish attorney-client relationship and the privileged nature of the communication). Additionally, even if Plaintiff and Ms. Williams had an attorney-client relationship, third-parties were copied on some of the communications in question, raising the issue of waiver of any applicable privilege. Plaintiff must address each of these points in her portion of the letter brief.

Plaintiff withholds other documents on the basis of a "common interest" privilege but has provided no explanation of what she means by this. Generally, the joint-defense privilege, or common interest rule, is an extension of the attorney-client privilege. Walker v. Financial Corp. of America, 828 F.2d 579, 583 n.7 (9th Cir. 1987). Typically, the attorney-client privilege will be deemed waived when the content of an otherwise privileged communication is disclosed to a third party or when communication occurs within the presence of a third party. The joint-defense privilege is an exception to the waiver rule. U.S. v Stepney, 246 F. Supp. 2d 1069, 1075 (N.D. Cal. 2003) ("The joint defense privilege was adopted as an exception to this waiver rule, under which communications between a client and his lawyer remain protected by the attorney-client privilege when disclosed to co-defendants or their counsel for purposes of a common defense.") The joint defense doctrine presupposes the existence of an otherwise valid privilege. See In re Grand Jury Subpoenas, 902 F.2d 244, 249 (4th Cir. 1990). The burden for claiming the joint-defense privilege is on Plaintiff, who must demonstrate that: (1) the communications were made in the course of a

2

joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived. U.S. v. Bergonzi, 216 F.R.D. 487, 495 (N.D. Cal. 2003). Given the foregoing, Plaintiff must explain why she believes that a "common interest" privilege applies to any of the documents so identified.

**IT IS SO ORDERED.**

Dated: May 2, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge