IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE FOX, | No. CV 11-04820 EDL |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTIONS TO SEAL** |
| v. | |
| ERIC K. SHINSEKI, SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS | |
| Defendant. | |

## I. Introduction

Defendant seeks permission to file certain exhibits to its motion for summary judgment under seal and seeks permission to file redacted versions of other exhibits. (Dkt. 133.) Those redacted versions are currently available on the docket. Plaintiff does not oppose this motion.

Defendant also filed an Emergency Motion to seal Plaintiff's opposition brief and related documents. (Dkt. 147.) Defendant represented that Plaintiff inappropriately revealed private and personal third party information, and Defendant requested that the Court order Plaintiff's opposition and exhibits sealed and order Plaintiff to submit redacted versions for public filing. The Court granted Defendant's emergency motion in part and ordered Plaintiff's opposition and exhibits filed under seal temporarily. The Court stated that in order for the documents to remain under seal, "Defendant must comply with Local Rule 79-5, which requires that a party seeking to seal portions of a document must establish that the portions are privileged or protectable as a trade secret or otherwise entitled to protection under the law." (Dkt. 149.)

At the hearing on Defendant's motion for summary judgment, the Court denied Defendant's emergency motion as overbroad and gave Defendant until August 2, 2013 to establish that Plaintiff's opposition and exhibits should be sealed. Defendant has abandoned its request to seal Plaintiff's

filings.

## II.     Discussion

### A.     Defendant's Motion to Seal and File Redacted Versions of Its Summary Judgment Exhibits (Dkt.133)

In its motion to seal, Defendant seeks to file Exhibits A-44, A-45, E, F, and G entirely under seal without filing corresponding redacted versions. Defendant also seeks to file redacted versions of the Yarbrough Declaration and Exhibits A, A-39, A-41, A-43, AE-8, AE-9, AE-20, C10, CE-4, CE-5, CE-6, CE-8, CE-9, D, I, J, K, L, M, N, O, P, Q, R to the Carradero Declaration.

Except under limited circumstances, courts in this district have a policy of providing the public with full access to court filings. L.R. 79-5(a) (commentary). Accordingly, the Court will only seal documents or portions of documents if the moving party establishes that the material at issue is protectable as a trade secret or otherwise entitled to protection under the law. The sealing request must be narrowly tailored. When the material at issue is related to a case-dispositive motion, the moving party must present "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records." See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). Compelling reasons exist when court files might become a vehicle for improper purposes, such as the use of the records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. Id. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id.

Defendant has not presented compelling reasons for filing these materials under seal, with three limited exceptions. In Exhibits A-44 and A-45, Defendant shall redact Plaintiff's email address and phone number from the publicly filed versions. Similarly, on pages 1 and 53 of Exhibit R, Defendant shall redact the home address of Lillian Williams. As noted in the Court's Order Granting Motion for Summary Judgment, Defendant may also abbreviate the name of Plaintiff's co-worker as "TK."

### B.     Defendant's Emergency Motion to Seal Plaintiff's Opposition and Exhibits Thereto (Dkt.147)

At the summary judgment hearing, the Court denied Defendant's request to seal Plaintiff's

2

opposition and the exhibits thereto without prejudice. Because Defendant has not renewed its request to seal these documents, the Court orders that Plaintiff's opposition brief and exhibits thereto be unsealed.

### III.     Conclusion

Defendant's motions to seal are denied. With the exceptions noted above, Defendant is to file unredacted versions of the documents listed in its motion to seal (Dkt. 133) no later than August 16, 2013. The Court also orders that Plaintiff's opposition and exhibits thereto be unsealed.

**IT IS SO ORDERED.**

Dated: August 12, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge